Bedskbehofe1, C.J.
The only issue of fact made by the pleadings was on the question of negligence. The defendant’s ownership of the steamer, the employment of Murphy as coolc on board of her, the explosion of her boiler and the killing of Murphy thereby, the survivorship of the widow and children named, and the due appointment of the plaintiff as administrator, all stood admitted on the record.
Eor aught that appears upon the record, no special request was made to the court by either party, to charge the jury upon any particular point in the case, but the case was given to the jury under the general charge set forth in the bill of exceptions, and the whole of which is embodied in the above statement of the case.
The evidence not being set out in the bill of exceptions, we can not review the finding of the jury upon the question of *556 fact submitted to it; but the charge of the court, as given, having been duly excepted to, the question before us is as to its correctnessfor the plaintiff, by failing to make a special request to the court to charge the jury in accordance with his views of the law, did not thereby waive any error, if such. there were, in the charge as given — the same being excepted to at the time
The thirteenth section of the act of congress of July 7, 1838, “ to provide for the better security of the lives of -passengers on board of vessels propelled in whole or in part by steam ” (5 U. S. Statutes at Large, 306) provides, “ that in all suits and actions against proprietors of steamboats, for injuries arising to person or property from the bursting of the boiler of any steamboat, or the collapse of a flue, or other injurious escape of steam, the fact of such bursting, collapse, or injurious escape of steam, shall be taken as full prima facie evidence, sufficient to charge the defendant or those in his employment, with negligence, until he shall show that no negligence has been committed by him or those in his employment.”
That the making of this enactment comes fairly within the powers granted to congress by the constitution of the United-States (art. 1, sec. 8), “ to regulate commerce with foreign nations, and among the several states,” we see no good reason to question. The power extends as well to the regulation of the navigation of vessels engaged in conveying passengers, and whether steam vessels or of any other description, as to the navigation of vessels engaged in traffic merely, and to the regulation and government of seamen on board of American ships. ■ “ These powers have been actually exerted by themational government under a system of laws, many of which commenced with the early establishment of the constitution, and they have continued unquestioned unto our day, if not to the utmost range of their reach, at least to that of their ordinary application.” Story on the Constitution, sec. 1073; 9 Wheaton (Gibbons v. Ogden), 1. And in Waring v. Clarke, 5 Howard, 465, it is expressly declared that the act under *557 consideration, “ in all its provisions, is obligatory upon the owners and masters of steamers navigating the waters of the United States, whether navigating on waters within a state or between states, or waters running from one state into another state, or on the coast of the United States between the ports of the same state or different states.”
Taking it then as a settled proposition, that the enactment of the section of the statute above given was within the constitutional powers of congress, it is the law of the land — obligatory as a rule of decision and of evidence, and as fixing the rights and obligations of parties, alike in the courts of this state and of the United States.
It makes the two facts admitted -by the pleadings, in this case, the explosion of the boiler and the injury resulting therefrom, “ full prima facie evidence, sufficient to charge the defendant, or those in his employment, with negligence, until he, shall show that no negligence has'been committed by him or those in his employment.” Where the facts of explosion of the boiler and of resulting injury were admitted or found, if there were no other evidence in the case upon the question of negligence, or if the evidence taken by itself were evenly balanced, the presumption of law prescribed by this statute would entitle the plaintiff to a verdict.
But the court charged the jury, “ that it was for the plaintiff to make out his case by a preponderance of testimony in his favor.” This, we think, was error.
It will be noticed that the act of congress .referred to was passed in 1838, while the Ohio statute, under which this action was brought, and enabling the personal representative of persons whose death was caused by the wrongful act, neglect or default of another, to sustain an action against the wrong-doer for the benefit of the next of kin of the deceased, was passed in 1851; and, although not raised in argument, the question has suggested itself to our minds, whether the act of congress is applicable to the case ? Both acts are remedial in their nature, and, therefore, demand a liberal construction. The one was intended to check the terrible do *558 struction of life so often occurring from the careless employment of so powerful and destructive an agent as steam, ana to facilitate a recovery for injuries inflicted by its negligent employment; and the other gave to dependent widows and children, through the personal representative, an action for injuries for which the deceased himself might have maintained an action, if he had survived his injuries. Our statute does not proceed on a merely arbitrary policy, but upon suggestions of natural law and the fitness of things — it is remedial. There is nothing in the act of congress to indicate an intention to limit the application of the thirteenth section to actions then authorized by law, but simply to prescribe a rule of evidence and presumption of fact in all cases of injury by injurious escape of steam on board of vessels propelled by steam-power. This section was in full force and obligatory upon the courts of this state when the Ohio act was passed; and the presumption is, it seems to us, that the general assembly, in its enactment — there being nothing in the act to show the contrary— intended questions of negligence to be determined under the rules of evidence as then established, whether by act of congress or otherwise. Had the Ohio act existed when the act of congress was passed, we suppose it would hardly be questioned that the act of congress would be construed to have been intended to apply to actions brought under the Ohio statute ; and the Ohio statute having been passed subsequently to the act of congress, the presumption is equally strong that the general assembly intended that questions of negligence arising in actions brought under it, should be adjudicated under the rules of evidence already authoritatively imposed by the act of congress.
Doubtless the legislature of Ohio, in giving a remedy for an injury to parties who before had none, might have given it under such limitations and restrictions, as to rules of evidence, as its discretion might dictate; but its silence as to any such limitations or restrictions, leaves the presumptions referred to in full force.
*559 Judgment of district court and of the common pleas reversed, and cause remanded to common pleas for new trial.
Scott, White and Welch, JJ., concurred.
Day, J., having been of counsel, did not sit in this case.